Uri Litvak, Esq. (State Bar No. 277966)
ULitvak@LitvakLawGroup.com
Airene Williamson, Esq. (State Bar No. 277101)
AWilliamson@LitvakLawGroup.com
**LITVAK LAW GROUP, P.C.**
2424 S.E. Bristol St., Suite 300
Newport Beach, CA  92660
T.  949-477-4900
F.  949-335-7113
Attorneys for the Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKTORS GUSEVS, an individual; VG BEHEER LATVIA, LLC, a foreign limited liability company; VG BEHEER LATVIA SIA, a foreign corporation; VG BEHEER JURMALA LLC, a foreign limited liability company; VG BEHEER RIGA, LLC, a foreign limited liability company; BOTANIX, LLC, a foreign limited liability company; DEMENKOVA UN PARTNERI, a foreign partnership; LEGO TRANS, LLC, a foreign limited liability company; ANDRENU PARKS, LLC, a foreign limited liability company; GREENFIELD ENGURES SIA, a foreign corporation; and JEVGENIJS GUSEVS, a foreign individual,<br><br>          Plaintiffs,<br><br>     vs. | Case No: 2:16-cv-03793-SVW-AS<br>Judge:  Hon. Stephen V. Wilson<br><br>**PLAINTIFFS' OBJECTION TO THE REQUEST FOR JUDICIAL NOTICE FILED BY DEFENDANTS AS CITADELE BANKA AND GUNTIS BELAVSKIS CONCURRENTLY WITH DEFENDANTS' MOTION TO DISMISS (DKT 120)**<br><br>Hearing Date:  February 13, 2017<br>Hearing Time: 1:30 p.m.<br>Courtroom:   10A |

| | |
|---|---|
| AS CITADELE BANKA, a foreign corporation; GUNTIS BELAVSKIS, a foreign individual; VAS PRIVATIZATION AGENCY, a foreign corporation; RIPPLEWOOD ADVISORS LLC, a Delaware limited liability company; RA CITADELE HOLDINGS LLC, a Delaware limited liability company; and TIMOTHY C. COLLINS, an individual,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**TO THE HONORABLE COURT OF THE ABOVE ENTITLED CASE:**

  Plaintiffs VIKTORS GUSEVS; VG BEHEER LATVIA, LLC; VG BEHEER LATVIA SIA; VG BEHEER JURMALA LLC; VG BEHEER RIGA, LLC; BOTANIX, LLC; DEMENKOVA UN PARTNERI; LEGO TRANS, LLC; ANDRENU PARKS, LLC; GREENFIELD ENGURES SIA; and JEVGENIJS GUSEVS (collectively referred herein as "Plaintiffs") hereby notice and enter their objections to the Request for Judicial Notice filed by Defendant AS Citadele Banka ("Citadele") and Guntis Belavskis' (collectively referred herein as "Defendants") (Dkt. 120) and all Exhibits contained therein.

///

///

---

2
PLAINTIFFS' OBJECTION TO THE REQUEST FOR JUDICIAL NOTICE FILED BY
DEFENDANTS AS CITADELE BANKA AND GUNTIS BELAVSKIS (DKT. 120)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Legal Standard of Review

Courts may judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). However, a court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b).

Further, while the court may take judicial notice of the general meaning of words, phrases, and legal expressions, "documents are judicially noticeable only for the purpose of determining what statements are contained therein, not to prove the truth of the contents or any party's assertion of what the contents mean." *United States v. S. Cal. Edison Co.*, 300 F.Supp.2d 964, 975 (E.D. Cal. 2004).

Finally, "[i]n ruling on a 12(b) (6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). "Courts must accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving

party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008). Courts regularly decline to consider declarations and exhibits submitted in support of a motion to dismiss, however, if they constitute evidence not referenced in the complaint or are simply not a proper subject of judicial notice. *See City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880 F.Supp.2d 1045, 1060 (N.D. Cal. 2012).

Defendants' request for judicial notice should be denied because the subject documents are not referenced in the Plaintiff's First Amended Complaint, are incomplete, unauthenticated, contested, and/or irrelevant to the Court's adjudication of Defendants' Motion to Dismiss.

**II. Defendants' Request for Judicial Notice of Documents Tied To A Separate and Unrelated Cases is Improper Under FRE 201**

**1. Latvian Judicial Decisions**

Fed. R. Evid. 201 does not provide for judicial notice of legal principles or reasoning. Nor does Fed. R. Evid. 201 allow for judicial notice of how Defendants believe the Latvian court proceedings should be interpreted. Moreover, "Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice." *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n. 5 (9th Cir. 2003); *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1117 n. 14 (9th Cir.

2005) ("We decline Ford and Sutter's request to take judicial notice of a Journal Entry by the Court of Common Pleas of Cuyahoga County, Ohio because they are offering the factual findings contained in the order for the purpose of proving the truth of the factual findings contained therein."). "[E]ven though a court may take judicial notice of a 'document filed in another court . . . to establish the fact of such litigation and related filings,' a court cannot take judicial notice of the factual findings of another court." *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 829-830 (5th Cir. 1998).

Taking judicial notice of another court's factual findings is improper because: (1) such findings do not constitute facts "not subject to reasonable dispute" within the meaning of Rule 201; and (2) "were [it] permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous." Id. (footnotes omitted). "While the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not." *United States v. Southern Cal. Edison Co.*, 300 F.Supp.2d 964, 974 (E.D. Cal. 2004).

Plaintiffs object to the court taking judicial notice of Exhibits A through M proffered by the Defendants and referenced in the Declaration of Nadezda Smislajeva (Dkt 119-4) which appear to be translated documents of Latvian Judicial Decisions, purportedly rejecting Plaintiffs' claims.  In fact, it is entirely unclear why Defendants have attached these Latvian Judicial Decisions, as Defendants do not even refer to them in their motion to dismiss (Dkt. 119). Defendants failed to state how these documents are relevant to the case at hand and should be stricken in their entirety.

**2.   Viktor Gusevs Verified Complaint Filed In An Unrelated State Court Case**

As stated above, judicial notice of an entirely irrelevant document filed in another court proceeding is improper. *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 692 n.6 (9th Cir. 2009). In addition, the case law related to judicial notice at the motion to dismiss stage is clear, "faced with a . . . motion to dismiss, courts must, as with any motion to dismiss for failure to plead a claim on which relief can be granted, accept all factual allegations in the complaint as true.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).  The limited doctrine of judicial notice does not permit defendants to use "evidence of untested accuracy on a motion to dismiss to controvert a complaint's factual allegations." *Id.*

Defendants Citadele and Belavskis join the other Defendants in their request for judicial notice of a Complaint that Plaintiff Viktor Gusevs filed in an unrelated case, involving distinct issues that have yet to be decided. Defendants' attempt is improper and should be denied. Specifically, Defendants reference a Complaint filed in *Gusevs v. J.P. Morgan Chase, N.A, et. al*, No. SC125882 (Cal. Super. Ct. L.A. Cty.) (hereinafter "Chase Litigation"), which was not included or referenced in Plaintiffs' FAC.

Defendants fail to demonstrate how these documents are relevant to the case at hand. The fact that Plaintiff Gusevs is involved in the Chase Litigation does not warrant judicial notice because the Chase Litigation is irrelevant to Defendants' Motion to Dismiss. Specifically, Defendants ask this Court to accept the Complaint as indisputable evidence that they were not the lenders on two of the Malibu properties. However, Plaintiffs are not asserting that the named Defendants recorded a first deed of trust on the Malibu properties. Plaintiffs are asserting that these California properties are in foreclosure proceedings as a direct and proximate result of the RICO Defendants' fraudulent scheme. FAC ¶ 20, 45. In fact, as Plaintiffs have specifically alleged, the Bank securitized its loans using the Latvian properties as collateral, not by filing of first trust deeds on the Malibu properties in California. This does not change the fact that the RICO Defendants transacted with

Plaintiffs in California to provide the capital necessary to acquire and develop the Malibu properties.

Regardless, whether Chase or another financial institution is a lender of the referenced Malibu properties is irrelevant. At this stage, the Court is simply evaluating whether Plaintiffs' FAC pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The ultimate resolution of the Chase Litigation at a future date is clearly irrelevant to this Court's determination of the Defendants' motion to dismiss.

The court must accept the allegations of the complaint as true, and not turn a motion to dismiss into an incomplete evidentiary hearing. Therefore, the Defendants' request should be denied.

### 3. **Deeds of Trust**

While a court may take judicial notice of a judicial or administrative proceeding which has a 'direct relation to the matters at issue,' a court can only take judicial notice of the existence of those matters of public record . . . but not of the veracity of the arguments and disputed facts contained therein. Similarly, a court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted." *United States v. S. Cal. Edison Co.*, 300 F.Supp. 2d 964, 974 (E.D. Cal. 2004). "Care must be taken that Rule 201 not be used as a

substitute for more rigorous evidentiary requirements and careful fact-finding." *Korematsu v. United States*, 584 F.Supp. 1406, 1415 (N.D. Cal. 1984).

In their motion to dismiss, these Defendants, like the other RICO Defendants, improperly reference numerous documents related to the purchase, deed of trust, and Trustee Sale related to Plaintiffs' Malibu properties located at 21650 Pacific Coast Highway, Malibu, California 90265 and 3221 Colony View Circle, Malibu, CA 90265. However, the contents of these documents are inappropriate subjects for judicial notice because this Court is not permitted to do more than take notice that a particular document may have been recorded. Accordingly, Defendants' request to take judicial notice of the substance of these recorded documents should be denied.

## II.   Conclusion

For the reasons set forth above, the Court should deny Defendants' request for judicial notice and strike the portion of Defendants' motions and accompanying declarations that rely on the documents as to which notice is sought.

///

///

Dated: January 23, 2017             LITVAK LAW GROUP, PC

                                    By:     */s/ Uri Litvak*
                                            Uri Litvak, Esq.
                                            Airene Williamson, Esq.
                                            Plaintiff Viktors Gusevs, *et. al.*

---

10

PLAINTIFFS' OBJECTION TO THE REQUEST FOR JUDICIAL NOTICE FILED BY DEFENDANTS AS CITADELE BANKA AND GUNTIS BELAVSKIS (DKT. 120)

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk for the United States District Court for the Central District of California by using the CM/ECF system on January 23, 2017.

**PLAINTIFFS' OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE FILED BY DEFENDANTS AS CITADELE BANKA AND GUNTIS BELAVSKIS (DKT 120)**

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Michael R. Doyen, Esq.<br>Jeffrey Y. Wu, Esq.<br>Matthew K. Donohue, Esq.<br>355 South Grand Avenue, 35th floor<br>Los Angeles, CA 90071 | *Attorneys for Defendants*<br>Ripplewood Advisors LLC,<br>RA Citadele Holdings, LLC, and<br>Timothy C. Collins |
| **BUCKLEY SANDLER LLP**<br>Fredrick S. Levin, Esq.<br>Ali M. Abugheida, Esq.<br>100 Wilshire Blvd., Suite 1000<br>Santa Monica, CA 90401 | *Attorneys for Defendants*<br>AS Citadele Banka and<br>Guntis Belavskis |
| **SAFARIAN CHOI & BOLSTAD, LLP**<br>David C. Bolstad, Esq.<br>Scott J. Street, Esq.<br>555 S. Flower Street, Suite 650<br>Los Angeles, CA 90071 | *Attorneys for Defendant*<br>Vas Privatization Agency |

I certify that all participants in the case are registered CM/ECF users and the service will be accomplished by the CM/ECF system.

Dated: January 23, 2017

                                    /s/ *Sylvia B. Iwai*
                                        Sylvia B. Iwai