Uri Litvak, Esq. (State Bar No. 277966)
ULitvak@LitvakLawGroup.com
Airene Williamson, Esq. (State Bar No. 277101)
AWilliamson@LitvakLawGroup.com
**LITVAK LAW GROUP, P.C.**
2424 S.E. Bristol St., Suite 300
Newport Beach, CA  92660
T.   949-477-4900
F.   949-335-7113
Attorneys for the Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKTORS GUSEVS, an individual; VG BEHEER LATVIA, LLC, a foreign limited liability company; VG BEHEER LATVIA SIA, a foreign corporation; VG BEHEER JURMALA LLC, a foreign limited liability company; VG BEHEER RIGA, LLC, a foreign limited liability company; BOTANIX, LLC, a foreign limited liability company; DEMENKOVA UN PARTNERI, a foreign partnership; LEGO TRANS, LLC, a foreign limited liability company; ANDRENU PARKS, LLC, a foreign limited liability company; GREENFIELD ENGURES SIA, a foreign corporation; and JEVGENIJS GUSEVS, a foreign individual, | Case No: 2:16-cv-03793-SVW-AS<br>Judge:  Hon. Stephen V. Wilson<br><br>**PLAINTIFFS' OBJECTION TO:**<br>**1. DECLARATION OF IVARS GRUNTE (DKT 119-1);**<br>**2. DECLARATION OF FREDERICK LEVIN (DKT 119-2);**<br>**3. DECLARATION OF GUNTIS BELAVSKIS (DKT 119-3); AND**<br>**4. DECLARATION OF NADEZDA SMISLAJEVA (DKT 119-4, Ex. A through M) FILED IN SUPPORT OF DEFENDANTS AS CITADELE BANKA'S AND GUNTIS BELAVSKIS' MOTION TO DISMISS (DKT 119)** |
| Plaintiffs, | Hearing Date:  February 13, 2017<br>Hearing Time: 1:30 p.m.<br>Courtroom:  10A |
| vs. | |
| AS CITADELE BANKA, a foreign corporation; GUNTIS BELAVSKIS, a | |

1

PLAINTIFFS' OBJECTIONS TO DECLARATIONS ATTACHED IN SUPPORT OF AS CITADELE BANKA'S
AND GUNTIS BELAVSKIS' MOTION TO DISMISS  (DKT 119)

foreign individual; VAS )
PRIVATIZATION AGENCY, a foreign )
corporation; RIPPLEWOOD )
ADVISORS LLC, a Delaware limited )
liability company; RA CITADELE )
HOLDINGS LLC, a Delaware limited )
liability company; and TIMOTHY C. )
COLLINS, an individual, )
 )
                    Defendants. )
_____ )

**TO THE HONORABLE COURT OF THE ABOVE ENTITLED CASE:**

Plaintiffs VIKTORS GUSEVS; VG BEHEER LATVIA, LLC; VG

BEHEER LATVIA SIA; VG BEHEER JURMALA LLC; VG BEHEER RIGA,

LLC; BOTANIX, LLC; DEMENKOVA UN PARTNERI; LEGO TRANS, LLC;

ANDRENU PARKS, LLC; GREENFIELD ENGURES SIA; and JEVGENIJS

GUSEVS (collectively referred herein as "Plaintiffs") hereby notice and enter their

objections to (1) DECLARATION OF IVARS GRUNTE (Dkt 119-1); (2)

DECLARATION OF FREDERICK LEVIN (Dkt 119-2); (3) DECLARATION OF

GUNTIS BELAVSKIS (Dkt 119-3); and (4) DECLARATION OF NADEZDA

SMISLAJEVA (Dkt 119-4, Exhibits A through M) in Support of DEFENDANTS

AS CITADELE BANKA'S AND GUNTIS BELAVSKIS' Motion to Dismiss

(DKT. 119) and all Exhibits contained therein.

///

PLAINTIFFS' OBJECTIONS TO DECLARATIONS ATTACHED IN SUPPORT OF AS CITADELE BANKA'S
AND GUNTIS BELAVSKIS' MOTION TO DISMISS  (DKT 119)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   LEGAL ARGUMENTS

Plaintiffs object to the numerous and highly improper declarations submitted by Defendants AS CITADELE BANKA (hereinafter "the Bank") and GUNTIS BELAVSKIS (hereinafter "Belavskis") in support of their Motion to Dismiss. On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "the Court must limit its review to the four corners of the operative complaint, and may not consider facts presented in briefs or extrinsic evidence." *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 999 (C.D. Cal. 2009); see also *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("extraneous evidence should not be considered in ruling on a motion to dismiss.").

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007). When, on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Whittlestone Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir., 2010). Courts regularly decline to consider declarations and exhibits

submitted in support of a motion to dismiss, if they constitute evidence not referenced in the complaint or are not a proper subject of judicial notice. *See City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880 F.Supp.2d 1045, 1060 (N.D. Cal. 2012).

Finally, when affidavits are filed, the affidavits must meet admissibility standards. *See Krzesniak 11 v. Cendant Corp.*, 2007 U.S. Dist. LEXIS 47518,14-15 (N.D. Cal., 2007) (hearsay); *Wang v. 12 Chinese Daily News*, Inc., 236 F.R.D. 485, 491 (C.D. Cal., 2006) (various objections ruled upon). In other words, if declarations contain hearsay or a proper foundation is not laid, then objections are properly sustained. *Id.* Here, the statements, allegations of facts, and dubious legal conclusions contained in the self-serving declarations filed by Defendants cannot be considered on a motion to dismiss and amount to a back-handed attempt at obtaining a premature summary judgment ruling from this court.

A.     <u>DECLARATION OF IVARS GRUNTE (Dkt 119-1)</u>

The Bank and Belavskis submit the declaration of Mr. Ivars Grunte, who appears to be a Latvian attorney retained by the Defendants to express an "expert" opinion on Latvian civil procedure, and his interpretations thereof. In a highly bizarre presentation, Mr. Grunte then proceeds to state a series of legal conclusions couched as factual statements:

- "Latvian law provides for a robust adversarial-style litigation." *Id.* ¶

Case 2:16-cv-03793-SVW-AS   Document 126   Filed 01/23/17   Page 5 of 10   Page ID #:3154

12.

- "Parties in civil litigation are permitted to retain legal counsel to represent them in a dispute." *Id.* ¶ 14
- "The CPL (Latvian Civil Procedure Law) allows for discovery." *Id.* ¶ 15
- "Latvian Law provides a cause of action for fraud." *Id.* ¶ 17.

Conveniently missing, of course, is a statement that Plaintiffs have any remedy in Latvia similar to the American RICO Act. In any case, and for the reasons that follow, the court should sustain Plaintiffs' objections and exclude the Grunte declaration.

First, the facts and legal conclusions recited in Mr. Grunte's declaration and the exhibits attached thereto, are subject to a reasonable dispute and therefore cannot properly be considered in the context of a motion to dismiss, nor can they be properly noticed under Fed.R.Evid. 201(b).

Second, Mr. Grunte's entire declaration lacks foundation and is incompetent because Mr. Grunte has not stated that the facts alleged are within his personal knowledge.

Third, Mr. Grunte not only states numerous legal conclusions, but also appears to be testifying as an expert and effectively proffers *his interpretation of* Latvian civil procedure.  Mr. Grunte's statements amount to nothing more than speculation as to what may or may not happen to Plaintiffs' case in Latvia. As a result, there are insufficient facts to establish the basis for this opinion. *Slevin v.*

PLAINTIFFS' OBJECTIONS TO DECLARATIONS ATTACHED IN SUPPORT OF AS CITADELE BANKA'S AND GUNTIS BELAVSKIS' MOTION TO DISMISS  (DKT 119)

*Home Depot,* 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (a declaration based on speculation is irrelevant and should not be considered). Moreover, the statements appear to be of the nature of expert testimony, and therefore are improperly presented before this court as there are no facts that would demonstrate that Mr. Grunte is qualified to provide expert testimony. FRE Rule 702; see also *Sepulveda v. Wal-Mart Stores*, 14 Inc., 237 F.R.D. 229, 235 (C.D. Cal. 2006) (stating that the Court "must ensure that the basis of the expert opinion is not so flawed that it would be inadmissible as a matter of law.")

Finally, the Exhibit A referenced in Mr. Grunte's declaration –namely, a printout of something called a "Lursoft Database" is not referenced *anywhere* in Plaintiffs' First Amended Complaint. For these reasons, Mr. Grunte's declaration and the additional extraneous matter alleged therein, must not be considered on this motion to dismiss.

**B.     DECLARATION OF FREDERICK LEVIN (Dkt 119-2)**

The Declaration of Frederick Levin appears to attest to his paralegal's search and retrieval of attached Exhibits A through  G, which are a combination of documents pertaining to a Complaint filed in *Gusevs v. J.P. Morgan Chase, N.A, et. al*, No. SC125882 (Cal. Super. Ct. L.A. Cty.) (hereinafter "Chase Litigation"), and other documents related to the purchase, deed of trust, and trustee sale related to two of Plaintiffs' Malibu properties located at 21650 Pacific Coast Highway,

Malibu, California 90265 and 3221 Colony View Circle, Malibu, CA 90265. Mr. Levin additionally attaches Exhibit M, which is a copy of a supposed certificate wherein Plaintiff Viktor Gusevs declared his residency in Latvia – 10 years ago. These documents are certainly not attached or referenced *anywhere* in Plaintiffs' FAC.

As discussed in greater detail in Plaintiffs' objections to the Bank and Belavskis' Request for Judicial Notice (Dkt. 120) concurrently filed herewith, Defendants failed to state how these documents are even relevant to the case at hand, especially with regard to Mr. Gusevs' apparent declaration of Latvian residency almost *ten* years ago. Plaintiffs' objection is also made on the grounds that the preferred statements are out of court statements that cannot be introduced for the truth of the matter asserted. FRE Rule 801. Therefore, Plaintiffs' respectfully request that its objections be sustained.

## C.   DECLARATION OF GUNTIS BELAVSKIS (Dkt 119-2)

Similar to the Declaration filed by Timothy Collins (Dkt. 84), Mr. Belavskis, of course, also denies any wrongdoing, claims not to have any contacts with California and states that Citadele does not have any interest in the Malibu properties. Of course, Mr. Belavskis is silent as to his continuous contact with and fraudulent inducement of Plaintiffs as alleged in the First Amended Complaint.

Regardless, the facts recited in Mr. Belavskis declaration and the exhibits

attached thereto are subject to reasonable dispute and therefore cannot be considered in the context of a motion to dismiss, nor can they be properly noticed under Fed. R. Evid. 201(b).  In addition, the exhibits referenced in Mr. Belavskis declaration (the same exhibits that Mr. Collins attaches to his declaration) are not referenced *anywhere* in Plaintiffs' First Amended Complaint. Finally, since Defendant Belavskis did not draft any of the correspondence attached as Exhibits A and B to his declaration, he cannot possibly have any personal knowledge of the matter, or interpretation thereof, contained in the correspondence, and cannot authenticate or lay foundation for the exhibits. For these reasons, Mr. Belavskis' declaration and the additional facts set forth therein, cannot be considered on this motion to dismiss.

## D.     DECLARATION OF NADEZDA SMISLAJEVA (Dkt 119-4, Exhibits A through M)

Ms. Smislajeva Declaration attests to her translation of numerous Latvian documents into English. Not only are these documents referenced nowhere in Plaintiffs' First Amended Complaint, Ms. Smislajeva's statements appear to be of the nature of expert testimony, and therefore are improperly before this court as there are no facts that would demonstrate that she is qualified to provide expert testimony. FRE Rule 702; see also *Sepulveda v. Wal-Mart Stores*, 14 Inc., 237 F.R.D. 229, 235 (C.D. Cal. 2006) (stating that the Court "must ensure that the

PLAINTIFFS' OBJECTIONS TO DECLARATIONS ATTACHED IN SUPPORT OF AS CITADELE BANKA'S AND GUNTIS BELAVSKIS' MOTION TO DISMISS  (DKT 119)

1   basis of the expert opinion is not so flawed that it would be inadmissible as a

2   matter of law." For these reasons, Mr. Smislajeva's declaration, and the attached

3

4   exhibits, cannot be considered on this motion to dismiss.

5   **II.**     **CONCLUSION**

6      The court must accept the allegations of the complaint as true, and not turn a

7

8   motion to dismiss into an incomplete evidentiary hearing.  For the reasons set forth

9   above, the Court should sustain Plaintiffs' objections to Defendants' declarations

10

11   and those portions of Defendants' motions that rely on these declarations.

12

13   Dated: January 23, 2017           LITVAK LAW GROUP, P.C.

14

15           By:    */s/ Uri Litvak*_____

16                Uri Litvak, Esq.

17                Airene Williamson, Esq.

18                Plaintiff Viktors Gusevs, *et. al*

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OBJECTIONS TO DECLARATIONS ATTACHED IN SUPPORT OF AS CITADELE BANKA'S
AND GUNTIS BELAVSKIS' MOTION TO DISMISS  (DKT 119)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk for the United States District Court for the Central District of California by using the CM/ECF system on January 23, 2017.

**PLAINTIFFS' OBJECTION TO DECLARATIONS ATTACHED FILED IN SUPPORT OF AS CITADELE BANKA'S AND GUNTIS BELAVSKIS' MOTION TO DISMISS (DKT 119)**

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP**<br>Michael R. Doyen, Esq.<br>Jeffrey Y. Wu, Esq.<br>Matthew K. Donohue, Esq.<br>355 South Grand Avenue, 35th floor<br>Los Angeles, CA  90071 | *Attorneys for Defendants*<br>Ripplewood Advisors LLC,<br>RA Citadele Holdings, LLC, and<br>Timothy C. Collins |
| **BUCKLEY SANDLER LLP**<br>Fredrick S. Levin, Esq.<br>Ali M. Abugheida, Esq.<br>100 Wilshire Blvd., Suite 1000<br>Santa Monica, CA  90401 | *Attorneys for Defendants*<br>AS Citadele Banka and<br>Guntis Belavskis |
| **SAFARIAN CHOI & BOLSTAD, LLP**<br>David C. Bolstad, Esq.<br>Scott J. Street, Esq.<br>555 S. Flower Street, Suite 650<br>Los Angeles, CA  90071 | *Attorneys for Defendant*<br>Vas Privatization Agency |

I certify that all participants in the case are registered CM/ECF users and the service will be accomplished by the CM/ECF system.

Dated:  January 23, 2017

 /s/  *Sylvia B. Iwai*
Sylvia B. Iwai

- 1 -