Uri Litvak, Esq. (State Bar No. 277966)
Airene Williamson (State Bar No. 277101)
**Litvak Law Group, P.C.**
2424 S.E. Bristol St., Suite 300
Newport Beach, CA  92660
T.   949-477-4900
F.   949-335-7113
*Attorneys for the Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKTORS GUSEVS, an individual; VG BEHEER LATVIA, LLC, a foreign limited liability company; VG BEHEER LATVIA SIA, a foreign corporation; VG BEHEER JURMALA LLC, a foreign limited liability company; VG BEHEER RIGA, LLC, a foreign limited liability company; BOTANIX, LLC, a foreign limited liability company; DEMENKOVA UN PARTNERI, a foreign partnership; LEGO TRANS, LLC, a foreign limited liability company; ANDRENU PARKS, LLC, a foreign limited liability company; GREENFIELD ENGURES SIA, a foreign corporation; and JEVGENIJS GUSEVS, a foreign individual. | Case No: 2:16-cv-03793-SVW-AS |
| | **PLAINTIFFS' RESPONSES TO AS CITADELE BANKA'S, GUNTIS BELAVSKIS' (DKT. 135) AND VAS PRIVATIZATION AGENCY'S (DKT. 136) OBJECTIONS TO THE DECLARATION OF VIKTORS GUSEVS** |
| | Judge: Hon. Stephen V. Wilson |
| Plaintiffs, | Hearing Date:  February 13, 2016 |
| vs. | Hearing Time: 1:30 p.m. |
| | Courtroom:      10-A |
| AS CITADELE BANKA, a foreign corporation; GUNTIS BELAVSKIS, a foreign individual; VAS PRIVATIZATION AGENCY, a foreign corporation; RIPPLEWOOD HOLDINGS L.L.C., a Delaware limited liability company; RIPPLEWOOD ADVISORS LLC, a | |

1

1   Delaware limited liability company; RA    )
2   CITADELE HOLDINGS LLC, a Delaware )
    limited liability company; and TIMOTHY  )
3   C. COLLINS, an individual,              )
                                            )
4               Defendants                  )
                                            )
5                                           )
6                                           )
    _____)

**TO THE HONORABLE COURT OF THE ABOVE ENTITLED CASE:**

Plaintiffs VIKTORS GUSEVS, VG BEHEER LATVIA, LLC, VG BEHEER LATVIA SIA, VG BEHEER JURMALA LLC, VG BEHEER RIGA, LLC, BOTANIX, LLC, DEMENKOVA UN PARTNERI, LEGO TRANS, LLC, ANDRENU PARKS, LLC, GREENFIELD ENGURES SIA, and JEVGENIJS GUSEVS (collectively referred to herein as "Plaintiffs") hereby file their response to AS CITADELE BANKA'S AND GUNTIS BELAVSKIS' (DKT. 135) and VAS PRIVATIZATION AGENCY'S (DKT. 136) Objections to VIKTORS GUSEVS' Declaration submitted in Opposition to Defendants' Motions to Dismiss.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    LEGAL STANDARD

Motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.  Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief. *Rodas v. Monetary Mgmt. of Cal., Inc.* (E.D. Cal. 2015).  As such, when ruling on a motion to strike, a court should view the pleading under attack in the light most favorable to the nonmoving party. *James v. Agnew* (S.D. Cal. 2016).

3

PLAINTIFFS' RESPONSES TO AS CITADELE BANKA'S, GUNTIS BELAVSKIS'
(DKT. 135) AND VAS PRIVATIZATION AGENCY'S (DKT. 136) OBJECTIONS
TO THE DECLARATION OF VIKTORS GUSEVS

Here, Defendants made sweeping, boilerplate objections to all of the statements incorporated into Mr. Gusevs' declaration, and ultimately objected to *every single line* of Mr. Gusevs' declaration, thereby essentially requesting that the Court strike Mr. Gusevs' entire declaration.  As set forth fully below, this is improper and should be overruled in its entirety.

## II.   **PLAINTIFFS PROPERLY SUBMITTED VIKTORS GUSEVS' DECLARATION TO SUPPORT THEIR OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

While it is true that "[c]ourts regularly decline to consider declarations and exhibits submitted in support of, or opposition, to a motion to dismiss, if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice,"  See *City of Royal Oak Retirement System v. Juniper Networks, Inc.,* 880 F.Supp.2d 1045, 1060 (N.D.Cal. 2012), once a defendant brings a challenge to the court's exercise of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction and must come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *see also Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

///

///

PLAINTIFFS' RESPONSES TO AS CITADELE BANKA'S, GUNTIS BELAVSKIS'
(DKT. 135) AND VAS PRIVATIZATION AGENCY'S (DKT. 136) OBJECTIONS
TO THE DECLARATION OF VIKTORS GUSEVS

Where, as in the present case, a motion to dismiss is based on written materials and not an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010). Uncontroverted allegations in the complaint must be taken as true, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004), and factual disputes contained within declarations or affidavits are resolved in the plaintiff's favor. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

In this instance, Plaintiffs properly came forward with Viktors Gusevs' declaration, pursuant to *Scott v. Breeland,* to support this Court's exercise of personal jurisdiction.  In addition, the facts stated in the declaration are central to Plaintiffs' claims as set forth in their First Amended Complaint ("FAC").  Mr. Gusevs' declaration sets forth the factual under-pinnings of the Plaintiffs' RICO allegations and the factual bases to support the exercise of personal jurisdiction by the Court. Therefore, Gusevs' declaration is entirely appropriate and must be considered as true in the face of Defendants' motions to dismiss.

### III.   DEFENDANTS' OBJECTIONS TO VIKTORS GUSEVS' DECLARATION AMOUNT TO A THINLY VEILED MOTION FOR SUMMARY JUDGMENT

Documents attached to, incorporated by reference in, or integral to the

complaint may be properly considered under Rule 12(c) without converting the motion into one for summary judgment. *Rose v. Chase Manhattan Bank USA*, 396 F. Supp. 2d 1116, 1119 (C.D. Cal. 2005). *However*, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment. *Hupp v. San Diego Cnty. Dist. Attorney* (S.D. Cal. 2015).

A motion to dismiss tests *only* the legal sufficiency of a complaint based on the assumption that all facts alleged therein are true. *J&J Sports Prods., Inc. v. Bernal*, (E.D. Cal. 2014). In this case, Defendants request that the court perform an extensive evidentiary analysis on the admissibility and truth of Mr. Gusevs' declaration, in effect seeking a summary judgment ruling. Specifically, Defendants raise their objections based on purported lack of foundation, lack of personal knowledge, relevance, vagueness and ambiguity.  In fact, Defendants' cited cases, *Anastassiou Andrew Smith Co. v. Paul's Pak, Inc*., 754 F. Supp. 2d 1120, 1136 (N.D. Cal. 2010) and *Lloyd v. New Hanover Reg'l Med. Ctr*., 2009 WL 890470, at *3(E.D.N.C. Mar. 31, 2009) both dealt with affidavits submitted in the context of summary judgment motions.

Defendants' inappropriate requests are simply a disguised attempt at a dispositive summary judgment ruling at the pleadings stage.  Therefore, should

PLAINTIFFS' RESPONSES TO AS CITADELE BANKA'S, GUNTIS BELAVSKIS'
(DKT. 135) AND VAS PRIVATIZATION AGENCY'S (DKT. 136) OBJECTIONS
TO THE DECLARATION OF VIKTORS GUSEVS

this Court intend on converting Defendants' motions to dismiss into a summary judgment and/or evidentiary-type proceeding, the court must "give all parties a reasonable opportunity to present all the material that is pertinent to the motion." *Smith v. Bob Baker Family Found,* (S.D. Cal. 2011).

## IV. GUSEVS' DECLARATION IS PROPER AND ADMISSIBLE UNDER THE FEDERAL RULES OF EVIDENCE

Should the court choose to engage in an extensive evidentiary analysis, Plaintiffs can demonstrate that Gusevs' declaration is entirely admissible under the Federal Rules of Evidence as set forth more fully below and in Appendix A to this Response, which is incorporated by reference.

### A. *Viktors Gusevs' Declaration is Based On Solid Foundation and Personal Knowledge.*

Defendants sweepingly conclude that Mr. Gusevs' statements lack foundation and that Mr. Gusevs does not have personal knowledge of the specific events stated in his declaration.  On the contrary, in his declaration, Mr. Gusevs states that he is the "the chief executive officer of each of the Plaintiff entities and the member of Plaintiffs VG BEHEER LATVIA, LLC, VG BEHEER JURMALA LLC, VG BEHEER RIGA, LLC, BOTANIX, LLC, LEGO TRANS, LLC, and ANDRENU PARKS, LLC; the shareholder of Plaintiffs VG BEHEER LATVIA SIA and GREENFIELD ENGURES SIA; and a partner in

PLAINTIFFS' RESPONSES TO AS CITADELE BANKA'S, GUNTIS BELAVSKIS'
(DKT. 135) AND VAS PRIVATIZATION AGENCY'S (DKT. 136) OBJECTIONS
TO THE DECLARATION OF VIKTORS GUSEVS

DEMENKOVA UN PARTNERI."  Viktors Gusevs Declaration ("Decl") ¶ 5. Mr. Gusevs was also personally and directly involved in all of the entities' interactions with Defendants that give rise to this action.  *Id.* at ¶ 24- 61.  Mr. Gusevs is testifying as to his personal knowledge, observations, and direct impressions and conversations with Defendants via electronic mail and telephone.   Finally, Mr. Gusevs affirmatively stated that he has personal knowledge of the facts set forth in his declaration and can competently testify as to the contents of his declaration.  *Id.* at ¶ 1. There was no other individual with whom Defendants had extensive communications other than Mr. Gusevs himself. Thus, it is disingenuous for Defendants now to claim that Mr. Gusevs does not have personal knowledge of the transactions that he personally oversaw.

### B.    *Gusevs' Declaration is Relevant and is Integral to His Claims and to Defendants' Motions to Dismiss.*

Defendants additionally argue that somehow *all* of Viktors Gusevs' statements are vague and irrelevant.  These objections are impermissibly broad, fail to specify the evidence as to which the objection is made, and offer no supporting argument. Mr. Gusevs' declaration specifically sets forth the facts that support his RICO and fraud claims and that support this Court's exercise of personal jurisdiction over the Defendants.  Mr. Gusevs recited specific events, persons, and transactions central to his claims.  Therefore, his declaration is

wholly relevant to support Plaintiffs' opposition to Defendants' motions to dismiss.

## V.   CONCLUSION

Here, Plaintiffs properly come forward under *Scott v. Breeland* with Viktors Gusevs' sworn declaration to support this Court's exercise of personal jurisdiction.   In addition, the facts stated in the declaration are central to Plaintiffs' claims set forth in their First Amended Complaint ("FAC").   For the reasons set forth above, and the attached Appendix A which is incorporated by reference, the Court should overrule Defendants' objections to Viktors Gusevs' declaration.

Dated: February 6, 2016                    LITVAK LAW GROUP, P.C.

                                    By:    */s/ Uri Litvak_____*
                                           Uri Litvak, Esq.
                                           Airene Williamson, Esq.
                                           Plaintiff Viktors Gusevs, *et. al.*

///

///

///

///

PLAINTIFFS' RESPONSES TO AS CITADELE BANKA'S, GUNTIS BELAVSKIS'
(DKT. 135) AND VAS PRIVATIZATION AGENCY'S (DKT. 136) OBJECTIONS
TO THE DECLARATION OF VIKTORS GUSEVS

## APPENDIX A

| Paragraphs | Response to Objections |
|---|---|
| 4. I currently reside in the State of California and have been a resident of California since 2004, and I am engaged in real estate investment and development throughout the United States, as well as in Latvia and internationally. | Relevant prima facie evidence showing jurisdictional facts. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1). |
| 5. I am the chief executive officer and the member, shareholder or partner of each of the Plaintiff entities. | Statement to establish foundation and personal knowledge. FRE 602. |
| 6. In November 2003, Plaintiff VG BEHEER LATVIA SIA signed a line of credit agreement with Parex Bank, then a privately-owned bank headquartered in Latvia. The agreement committed Parex Bank (predecessor of Defendant AS CITADELE BANKA), through January 2018, to make a line of credit available to Plaintiff VG BEHEER LATVIA SIA for the purpose of acquiring and developing real estate projects in the United States, including acquiring and developing multiple properties in Malibu, CA located at (a) 3714 Carbon Canyon Rd, Malibu CA; 2860 Sweetwater Mesa Rd, Malibu, CA; 2930 Sweetwater Masa Rd, Malibu, CA, all of which I was forced to sell; (b) those located at 3221 Colony View Circle, Malibu CA 90265 which I was forced to short sell at a loss of $2 Million; and (c) 21650 Pacific Coast Highway, Malibu, California 90265 which I currently own ("Malibu Properties"). | Relevant prima facie evidence showing jurisdictional facts. FRE 402.<br><br>Statement of personal knowledge. FRE 601 and 602.<br><br>Statement of present sense impression. FRE 803(1). |

| Paragraphs | Response to Objections |
|---|---|
| 7. In 2006, at the request of Parex Bank, Plaintiff VG BEHEER LATVIA SIA and I, caused Plaintiffs VG BEHEER JURMALA LLC, VG BEHEER RIGA LLC, and BOTANIX LLC to be formed and the line of credit of Parex Bank to Plaintiff VG BEHEER LATVIA SIA was divided among those newly formed entities. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.

Statement of personal knowledge, not legal conclusion. FRE 602.

Statement of intent, motive, and state of mind. FRE 803(3).

Statement of present sense impression. FRE 803(1).

Best evidence rule remains inapplicable when a witness testifies about personal knowledge of a matter. FRE 1002. |
| 8. From 2003 through 2008, the lines of credit were drawn upon and used to fund our real estate investment and development projects in the United States and internationally. The highest outstanding aggregate balance of the lines of credit was €28 Million, and the average balance was €15 Million. | Relevant prima facie evidence showing jurisdictional facts. FRE 402.

Statement of personal knowledge. FRE 601 and 602.

Statement of intent, motive, and state of mind. FRE 803(3).

Best evidence rule remains inapplicable when a witness testifies about personal knowledge of a matter.  FRE 1002. |
| 9. In November 2008, following the collapse of Lehman Brothers and the ensuing global financial crisis, the government of Latvia | Relevant prima facie evidence showing jurisdictional facts. FRE 402. |

| Paragraphs | Response to Objections |
|---|---|
| seized Parex Bank by "purchasing" a majority 51% stake from the founders for token consideration of 2 Latvian Lats (approximately €5.00). | Statement of personal knowledge, not legal conclusion. FRE 601 and 62.<br><br>Best evidence rule remains inapplicable when a witness testifies about personal knowledge of a matter. FRE 1002.<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 10. The government of Latvia then purchased the remaining stake of Parex Bank from other shareholders for equally token consideration of €0.01/share. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE601 and  602.<br><br>Best evidence rule remains inapplicable when a witness testifies about personal knowledge of a matter.  FRE 1002.<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 11. Approximately 25% of the ownership interests of the government of Latvia in Parex Bank were subsequently acquired by the European Bank for Reconstruction and | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402. |

| Paragraphs | Response to Objections |
|---|---|
| Development. | Statement of personal knowledge. FRE601 and 602.<br><br>Best evidence rule remains inapplicable when a witness testifies about personal knowledge of a matter.  FRE 1002.<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 12. The remaining 75% ownership interests of the government of Latvia in Parex Bank was subsequently transferred to Defendant VAS | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE601 and 602.<br><br>Best evidence rule remains inapplicable when a witness testifies about personal knowledge of a matter.  FRE 1002.<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 13. At the time of the government takeover of Parex Bank in November 2008, we kept surplus funds of approximately €3 Million on deposit at Parex Bank. At the time, our real | Relevant prima facie evidence showing jurisdictional facts. FRE 402. |

| Paragraphs | Response to Objections |
|---|---|
| estate projects in the United States were valued at approximately $45 million. | Statement of personal knowledge, not legal conclusion. FRE 602.<br>Statement of intent, motive, and state of mind. FRE 803(3).<br><br>Statement of present sense impression. FRE 803(1).<br><br>Best evidence rule remains inapplicable when a witness testifies about personal knowledge of a matter.  FRE 1002. |
| 14. From November 2008 through 2009, Parex Bank refused to honor our payment instructions to make payments our accounts at Parex to Washington Mutual Bank and others in the United States on our obligations relating to the real estate projects in the United States. Parex Bank's refusal undermined our ability to service their debt and thereby caused damage to VG BEHEER LATVIA LLC and the other Plaintiffs in the United States. | Relevant prima facie evidence showing jurisdictional facts<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of intent, motive, and state of mind. FRE 803(3).<br><br>Statement of present sense impression. FRE 803(1). |
| 15. In early 2010, the "good" assets of Parex Bank were transferred to a newly formed entity, Defendant AS CITADELE BANKA (then known as SC CITADELE BANKA). These new assets included our lines of credit and accounts. AS CITADELE BANKA became the successor in interest to Parex Bank and assumed all liabilities associated with the transferred assets. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE |

| Paragraphs | Response to Objections |
|---|---|
| | 704(a). |
| 16. The "bad" assets remained with Parex Bank, which later became known as Reverta. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 17. Defendant VAS owned 75% of the shares of the newly formed AS CITADELE BANKA and the remaining 25% of the shares were owned by the European Bank for Reconstruction and Development. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 18. At the time of the formation of Defendant AS CITADELE BANKA, then Latvian Finance Minister Einars Repse and then Latvian Economy Minister Artis Kampars | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402. |

| Paragraphs | Response to Objections |
|---|---|
| signed a confidential agreement with the European Commission requiring that Defendant AS CITADELE BANKA be sold or liquidated by the end of 2014 or Latvia would face serious financial sanctions from the European Commission and its members. | Statement of personal knowledge. FRE 602.<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 19. Shortly thereafter, the predecessors in interest and alter egos of the RIPPLEWOOD Defendants, TIMOTHY COLLINS, and the Bank's Chairman GUNTIS BELAVSKIS, who at the time was a Member of the Supervisory Board of the Bank, hatched a fraud and racketeering conspiracy to enable the Bank to reduce its apparent book value thereby increasing the likelihood that the Bank could be sold at a "fire-sale" price to TIMOTHY COLLINS or one of his Ripplewood entity designees, while at the same time generating profits for the Bank, its investors, and its principals. TIMOTHY COLLINS was apparently selected because of his similar experience a decade prior in Japan, where he led a consortium to acquire a failed bank "for pennies on the dollar" and then made billions when the bank was sold. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a).<br><br>Relevant evidence of habit, routine, and practice. FRE 406. |
| 20. Defendants RIPPLEWOOD, COLLINS, and together with BELAVSKIS, AS CITADELE BANKA, VAS, their predecessor in interest, and alter egos conspired and devised a plan to fraudulently manipulate the Bank's balance sheet and overall financial condition such that the severely discounted purchase price at which RIPPLEWOOD would ultimately purchase a majority interest | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1). |

| Paragraphs | Response to Objections |
|---|---|
| in the Bank could be justified. | Opinion by lay witness. FRE 701.

Opinion on ultimate issue. FRE 704(a). |
| 21. This racketeering conspiracy would involve defrauding the Plaintiffs of their property, which fraud against Plaintiffs, as described in detail below, would be executed by a racketeering enterprise through wire and mail fraud in the United States and other unlawful acts. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.

Statement of personal knowledge. FRE 602.

Statement of present sense impression. FRE 803(1).

Opinion by lay witness. FRE 701.

Opinion on ultimate issue. FRE 704(a). |
| 22. The RIPPLEWOOD Defendants, TIMOTHY COLLINS, Defendants AS CITADELE BANKA and its officers (including Chairman of the Board of the Bank, GUNTIS BELAVSKIS), their predecessors in interests, and alter egos had actual knowledge that I was residing in the United States and in the State of California. | Relevant prima facie evidence showing jurisdictional facts. FRE 402.

Statement of personal knowledge. FRE 602.

Statement of present sense impression. FRE 803(1).

Opinion by lay witness. FRE 701.

Opinion on ultimate issue. FRE |

| Paragraphs | Response to Objections |
|---|---|
| | 704(a). |
| 23. In fact, TIMOTHY COLLINS, AS CITADELE BANKA and its officers (including Chairman of the Board of the Bank GUNTIS BELAVSKIS) targeted me and took advantage of the knowledge that I was physically residing in California in masterminding a financial scheme that would ultimately result in devastating loss to my businesses and properties in the United States and specifically California. | Relevant prima facie evidence showing jurisdictional facts. FRE<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 24. The first part of Defendants racketeering scheme involved convincing me and the Plaintiff entities to agree to a shortening of the term of our lines of credit from the maturity date of 2018 to 2012. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 25. When our lines of credit were transferred to AS CITADELE BANKA, at the behest of Defendant Irina Ponomarjova (manager), Zigurds Cirulis (department head), and | Relevant prima facie evidence showing jurisdictional facts. FRE 402. |

| Paragraphs | Response to Objections |
|---|---|
| Kristaps Putans (deputy chief corporate banking) sent me a barrage of emails and I also received 40 telephone calls at my California residence fraudulently telling me that a shortening of the term of the lines of credit from 2018 to 2012 was just a formality and that as soon as AS CITADELE BANKA was sold (which I was told, would happen before the end of the shortened term of the lines of credit) the new owners would be required to extend the term of the lines of credit. | Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 26. I was further told by the representatives of the Bank, through such series of emails and phone calls, that if the Bank was not sold before the end of the shortened term, the term of the lines of credit would be extended by the existing officers. At all times during these fraudulent communications, I was residing in California. | Relevant prima facie evidence showing jurisdictional facts. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 27. In reliance on these misrepresentations, I executed agreements on behalf of the Plaintiff entities, with AS CITADELE BANKA agreeing to a shortening of the term of the lines of credit from 2018 to 2012. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense |

| Paragraphs | Response to Objections |
|---|---|
|  | impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 28. In 2012, Defendant BELAVSKIS was promoted from Member to Chairman of the Board of Supervisors of AS CITADELE BANKA. Also in 2012, as the shortened term of the lines of credit was coming to an end and Defendant AS CITADELE BANKA had not yet been sold, Defendants BELAVSKIS and VAS put in effect the second stage of their conspiracy to defraud me and Plaintiff entities of our property, which second stage had an urgency because of the 2014 European Commission deadline for AS CITADELE BANKA to be sold or liquidated. At all times during these fraudulent communications, I was residing in California. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 29. Shortly before expiration of the lines of credit and with knowledge that I was residing in the United States, Defendants AS CITADELE BANKA, BELAVSKIS, and VAS – at the behest of RIPPLEWOOD and Defendant TIMOTHY COLLINS – caused Andrey Golubcovs and Uldis Glazers (corporate client manager) to send a series of email and telephone communications to me in the United States, in which communications such officers and representatives told me that AS CITADELE | Relevant prima facie evidence showing jurisdictional facts. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701. |

| Paragraphs | Response to Objections |
|---|---|
| BANKA would be filing lawsuits against the Plaintiffs in arbitration court in Latvia upon expiration of the term of the lines of credit for repayment of the lines of credit, but only so the Bank could write off the loans, thereby making the Bank more appealing to potential purchasers. | Opinion on ultimate issue. FRE 704(a). |
| 30. Such officers and representatives fraudulently promised me in such communications that if I, as owner and chief executive officer of the Plaintiff entities, would cooperate with the process by causing the Plaintiffs not to oppose such lawsuits, subsequent to winning such lawsuits by default, AS CITADELE BANKA would not enforce the judgments but rather would agree to payment "work-outs" with me and that, again, any new buyer of the Bank, which we now realize was a RIPPLEWOOD entity controlled by COLLINS, would be required to renew the lines of credit after the sale was consummated. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 31. Later on I learned that, at the behest of Defendant RIPPLEWOOD and COLLINS (the designated buyer of the Bank), that such officers and representatives further fraudulently misrepresented to me that there was an immediate need to initiate the proceedings in the arbitration court in order to facilitate the orderly sale of the Bank and that it would be in my best interests not to appear in court and not to contest the Bank's claims asserted in the arbitration court. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE |

| Paragraphs | Response to Objections |
|---|---|
| | 704(a). |
| 32. Such officers intentionally concealed and fraudulently failed to disclose to me that the decision of the arbitration court in these matters would be final, not subject to appellate review and would be carried out immediately, contrary to the assurances Defendants provided to me. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602. Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 33. In detrimental reliance upon these fraudulent misrepresentations, I caused the Plaintiff entities, and my son, Plaintiff JEVGENIJS (YEVGENIY) GUSEVS (a guarantor of the lines of credit), not to contest any of the lawsuits brought in arbitration court against them by AS CITADELE BANKA. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 34. Judgments were rendered against me and Plaintiff entities by the arbitration court when | Relevant prima facie evidence showing jurisdictional facts. |

| Paragraphs | Response to Objections |
|---|---|
| we did not appear and did not oppose any of the legal actions, based upon fraudulent misrepresentations made by employees of the Bank in collusion with Defendants TIMOTHY COLLINS, RIPPLEWOOD, their predecessor in interests, and their alter-egos, through email and telephone communications into the United States. I had no idea that such judgments were to be final and non-appealable. | FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 35. Contrary to its officers' and representatives' fraudulent promises, Defendant AS CITADELE BANKA failed to enter into workout agreements with me and the Plaintiff entities, except and only as to Plaintiff VG BEHEER LATVIA SIA. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 36. The work out agreement with Plaintiff VG BEHEER LATVIA SIA, dated June 18, 2012, required monthly interest payments of €30,000 and principal repayment every six months of € 500,000. Through email and telephone communications by Vija Meška (Meshka) | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602. |

- 23 -

| Paragraphs | Response to Objections |
|---|---|
| (department head), Edvins Joksts (senior lawyer), and Andrey Golubcovs (head of legal department), I was convinced to use Egils Radzins as the lawyer for Plaintiff VG BEHEER LATVIA SIA. It was not until later that I learned that Attorney Egils Radzins also represented a Supervisory Board Member of Defendant AS CITADELE BANKA and was also a judge on the arbitration court and, as such, had an actual conflict of interest with regard to his supposed representation of my interests. | Statement of present sense impression. FRE 803(1). Opinion by lay witness. FRE 701. Opinion on ultimate issue. FRE 704(a). |
| 37. Plaintiff VG BEHEER LATVIA SIA made the monthly payments of interest and semi-annual payments of principal called for by the workout agreement on time. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402. Statement of personal knowledge. FRE 602. Statement of present sense impression. FRE 803(1). |
| 38. In the Fall of 2013, the Defendants put their conspiracy to defraud me and Plaintiffs out of their money and property into full swing. Through email and telephone communications to me in the United States, Andrey Golubcovs, as agent and representative of Defendant AS CITADELE BANKA, fraudulently told me that VG BEHEER LATVIA SIA was not required to make the principal payment otherwise due in September 2013, but rather that I could use such funds for ongoing real estate projects in California and elsewhere. | Relevant prima facie evidence showing jurisdictional facts. FRE 402. Statement of personal knowledge. FRE 602. Statement of present sense impression. FRE 803(1). Opinion by lay witness. FRE 701. |

| Paragraphs | Response to Objections |
|---|---|
|  | Opinion on ultimate issue. FRE 704(a). |
| 39. In detrimental reliance upon such fraudulent misrepresentations by the representative of AS CITADELE BANKA, I caused VG BEHEER LATVIA SIA not to make the September 2013 principal payment and instead, the funds were used for ongoing real estate projects. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1). Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 40. Commencing in October, 2013, after such funds had been deployed, AS CITADELE BANKA through emails and telephone calls directed to me in the United States, made demand for the September 2013 principal payment and threatened to start enforcing the uncontested arbitration court judgments against me and the Plaintiff entities that AS CITADELE BANKA had procured through fraud. | Relevant prima facie evidence showing jurisdictional facts. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |

| Paragraphs | Response to Objections |
|---|---|
| 41. In January 2014, the total amount we owed under the lines of credit to AS CITADELE BANKA was approximately € 13.4 Million. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 42. Commencing in January, 2014, I and the Plaintiffs entities (and the prospective buyers) requested permission at least six times from AS CITADELE BANKA to allow the sale of two of our properties for € 9 Million in order to pay back a large portion of the principal owed on the lines of credit (for which unopposed judgment had been fraudulently obtained). Permission of AS CITADELE BANKA was required because the properties served as partial security for the lines of credit.AS CITADELE BANKA purposefully ignored, stonewalled or simply never responded to our requests, because we now understand this was all part of the Bank's scheme with COLLINS and RIPPLEWOOD, its predecessors in interest and their alter egos | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 43. In March 2014, AS CITADELE BANKA, through an auctioneer (Ainars Shusts), began auctioning the real estate our properties in | Relevant prima facie evidence showing jurisdictional facts. FRE 402. |

| Paragraphs | Response to Objections |
|---|---|
| Latvia to repay the unopposed judgments obtained by AS CITADELE BANKA through the wire and mail fraud perpetrated in the United States. This process has been ongoing to this day. | Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 44. Approximately 80 of our properties have been auctioned off. The majority of the properties have been purchased by affiliates of AS CITADELE BANKA, such as Hortus Residential and Hortus Land, for outrageously low sham prices, with the intention of reselling the properties at their fair market value and thereby reaping giant windfall profits. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 45. Starting in August 2014 and continuing through February 2015, Plaintiffs alerted RIPPLEWOOD and COLLINS of the malfeasance and fraud being perpetrated by the Bank, but these pleas were ignored. Specifically, Plaintiffs sent correspondence to RIPPLEWOOD's and COLLIN's attorney, who was located in Santa Monica, California, that AS Citadele Banka, its officers, and | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1). |

| Paragraphs | Response to Objections |
|---|---|
| agents fraudulently induced my inaction with respects to the maturity date and arbitration proceeding. At the time, I was not aware of the fact that COLLINS through his use of his web of RIPPLEWOOD entities had masterminded and orchestrated the entire racketeering scheme. | Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 46. Defendants were successful in carrying out this fraudulent scheme because, under Latvian law, the judicial executor handling a forecloure sale makes an assessment of the value of the foreclosed property to be auctioned, which is approximately 50% of the fair market value and that assessment cannot be challenged or refuted. Therefore, sales at auction in Latvia are always disadvantageous to the debtor, yet favorable to the Bank and the buyer. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 47. In furtherance of the corrupt scheme, the Bank sold other properties for similar sham prices to "third parties" that, upon information and belief, are connected to AS CITADELE BANKA or the auctioneer. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE |

| Paragraphs | Response to Objections |
|---|---|
| | 704(a). |
| 48. For example, a real property known as "Engures 9B" in Jurmala, Latvia, which was purchased by Plaintiff Greenfield Engures SIA in December, 2014 for €600,000 and as to which an additional €200,000 was invested, was sold at auction for €43,500. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 49. By way of further example, real property owned by Plaintiff JEVGENIJS GUSEVS as to which there was an agreement by such Plaintiff to sell the property to a third party buyer for € 4 Million, was sold at auction for €500,000 and real property known as Konsula/Jurmales Gatve, as to which Plaintiff had an agreement to sell to a third party buyer for at least €2 Million was sold at auction for €400,000. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 50. After fraudulently foreclosing on our properties, an affiliate of the Bank immediately listed the properties for sale at market prices. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402. |

| Paragraphs | Response to Objections |
|---|---|
| | Statement of personal knowledge. FRE 602.

Statement of present sense impression. FRE 803(1).

Opinion by lay witness. FRE 701.

Opinion on ultimate issue. FRE 704(a). |
| 51. Defendant BELAVSKIS, then Chairman of the Supervisory Board of Defendant AS CITADELE BANKA, admitted to me that Defendant AS CITADELE BANKA, at the behest of COLLINS and RIPPLEWOOD, was intentionally causing the properties of Plaintiffs to be auctioned at sham prices and using bank affiliates to buy the properties so as to make huge windfall profits and that Defendant AS CITADELE BANKA had purposefully used its attorney, Andrey Golubcovs, and others to trick me, in the United States, to enable the auctioning of our properties. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.

Statement of personal knowledge. FRE 602.

Statement of present sense impression. FRE 803(1).
Opinion by lay witness. FRE 701.

Opinion on ultimate issue. FRE 704(a).

Opposing party statement.  FRE 801(d)(2) |
| 52. In September 2014, in the midst of the sham property auctions, with Defendants VAS and BELAVSKIS facing the 2014 European Commission deadline for AS CITADELE BANKA to be sold or liquidated, the 75% ownership interest of VAS in AS CITADELE BANKA was finally purchased by a group of investors led by RIPPLEWOOD Defendants and TIMOTHY COLLINS. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.

Statement of personal knowledge. FRE 602.

Statement of present sense impression. FRE 803(1). |

| Paragraphs | Response to Objections |
|---|---|
| | Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 53. I found out later on that the material reason for such purchase, was the knowledge by RIPPLEWOOD and its chief executive officer, TIMOTHY COLLINS, of the fraud being perpetrated by AS CITADELE BANK upon Plaintiffs that would result in outrageous profits for the Bank and its investors while at the same time allowing COLLINS to acquire the Bank for an artificially reduced price without the need for a bidding process. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 54. RIPPLEWOOD and TIMOTHY COLLINS conspired with BELAVSKIS, the principals of VAS, and AS CITADELE BANKA to rig the bidding process for the 75% ownership interest such that at least 7 other prospective purchasers, including those affiliated with Rietumu Bank and Norvik Bank, were removed from contention, leaving RIPPLEWOOD as the only bidder. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |

| Paragraphs | Response to Objections |
|---|---|
| | |
| 55. Ultimately, the purchase transaction closed and a consortium of investors led by RIPPLEWOOD Defendants became the owner of 75% plus one share of the Bank. The other shareholder of the Bank was the European Bank for Reconstruction and Development, which still owns 25 percent minus one share of the Bank. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 56. Information and discussion regarding AS CITADELE BANKA and the sham auctions were communicated to RIPPLEWOOD Defendants and TIMOTHY COLLINS in the United States by emails and telephone calls from AS CITADELE BANKA, BELAVSKIS, VAS, and its officers, which were responded to by Defendants RIPPLEWOOD and TIMOTHY COLLINS from the United States. | Relevant prima facie evidence showing jurisdictional facts. FRE 402.<br><br>Statement of personal knowledge. FRE 602. Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 57. RIPPLEWOOD and TIMOTHY COLLINS, now a Chairman of the Supervisory Board of AS CITADELE BANKA, are continuing with the sham property auctions to generate outrageous profits for themselves and their investors. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602. |

| Paragraphs | Response to Objections |
|---|---|
| | Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 58. AS CITADELE BANKA intends on selling approximately 30 of our additional properties in the same manner (approximately 80 have been sold to date). | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 59. Defendants have damaged me and the Plaintiff entities in an amount in excess of $200 Million, and as a result, we are now on the verge of bankruptcy. | Relevant prima facie evidence to support Plaintiffs' causes of action. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701. |

| Paragraphs | Response to Objections |
|---|---|
| | Opinion on ultimate issue. FRE 704(a). |
| 60. Also, because of Defendants' racketeering scheme which was masterminded by Defendant TIMOTHY COLLINS and his RIPPLEWOOD entities, I was force to sell my properties located at 3714 Carbon Canyon Rd, Malibu; 2860 Sweetwater Mesa Rd, Malibu; and 2930 Sweetwater Mesa Rd, Malibu. | Relevant prima facie evidence showing jurisdictional facts. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |
| 61. I was also forced to short sell 3221 Colony View Circle, Malibu CA 9026 at a loss of $2 Million and 21650 Pacific Coast Highway, Malibu, California 9026 which I still currently own is now on the verge of foreclosure which has caused millions of dollars of loss of equity and mortgage payments that I have paid since 2006. | Relevant prima facie evidence showing jurisdictional facts. FRE 402.<br><br>Statement of personal knowledge. FRE 602.<br><br>Statement of present sense impression. FRE 803(1).<br><br>Opinion by lay witness. FRE 701.<br><br>Opinion on ultimate issue. FRE 704(a). |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk for the United States District Court for the Central District of California by using the CM/ECF system on February 6, 2017.

**PLAINTIFFS' RESPONSES TO AS CITADELE BANKA AND GUNTIS BELAVSKIS' (DKT. 135) AND VAS PRIVATIZATION AGENCY'S (DKT. 136) OBJECTIONS TO THE DECLARATION OF VIKTORS GUSEVS**

| | |
|---|---|
| **MUNGER, TOLLES & OLSON LLP** <br> Michael R. Doyen, Esq. <br> Jeffrey Y. Wu, Esq. <br> Matthew K. Donohue, Esq. <br> 355 South Grand Avenue, 35th floor <br> Los Angeles, CA  90071 | *Attorneys for Defendants* <br> Ripplewood Advisors LLC, <br> RA Citadele Holdings, LLC, and <br> Timothy C. Collins |
| **BUCKLEY SANDLER LLP** <br> Fredrick S. Levin, Esq. <br> Ali M. Abugheida, Esq. <br> 100 Wilshire Blvd., Suite 1000 <br> Santa Monica, CA  90401 | *Attorneys for Defendants* <br> AS Citadele Banka and <br> Guntis Belavskis |
| **SAFARIAN CHOI & BOLSTAD, LLP** <br> David C. Bolstad, Esq. <br> Scott J. Street, Esq. <br> 555 S. Flower Street, Suite 650 <br> Los Angeles, CA  90071 | *Attorneys for Defendant* <br> Vas Privatization Agency |

I certify that all participants in the case are registered CM/ECF users and the service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated:  February 6, 2017

_/s/  Sylvia B. Iwai_
Sylvia B. Iwai

- 35 -